UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVAN RATCLIFF,<br><br>                Plaintiff,<br>    v.<br>C/O M. ROWLEY, et al.,<br><br>                Defendants. | Case No. 3:14-cv-00087-MMD-VPC<br><br>ORDER |

Plaintiff has submitted an application to proceed *in forma pauperis* (dkt. no. 4). The Court finds that plaintiff is not able to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(b)(2).

The Court has reviewed the complaint, and the Court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

At all relevant times, plaintiff was an inmate at the Ely State Prison. He was involved in an attack upon another inmate, and he has freely admitted that involvement. In Count 1, he alleges that defendant Rowley wrote a report on the incident stating that plaintiff gave the names of other inmates who were involved in the attack. Plaintiff further alleges that that statement in defendant Rowley's report is untrue and that he never gave defendant Rowley the names of any other inmates. Plaintiff claims that that statement in the report has put him at risk of being attacked by other inmates.

A prison official's deliberate indifference to an inmate's safety can violate the Eighth Amendment. Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

Plaintiff has not, and cannot, satisfy the standard for deliberate indifference. First, documents that he has attached to his own complaint show that internal incident reports, such as the one that defendant Rowley wrote, are confidential and not to be

released to inmates. Plaintiff obtained a copy of the report only because he faced criminal charges for the attack. Plaintiff has not alleged any facts indicating that the report was released to other inmates. Consequently, plaintiff has not alleged plausibly that he is facing an excessive risk to his safety from other inmates. Second, plaintiff has not alleged that other inmates actually have retaliated against him. *See Morgan v. MacDonal*d, 41 F.3d 1291, 1293-94 (9th Cir. 1994). Plaintiff has failed to state a claim in Count 1 upon which relief can be granted, and amendment of the complaint cannot cure this defect.

Counts 2 and 3 share the same defect. In both counts, plaintiff alleges that he filed prison grievances about the statement in defendant Rowley's incident report. In Count 2, plaintiff alleges that defendant Baker, the warden at Ely State Prison, did not investigate his allegations before denying a grievance. In count 3, plaintiff alleges that defendant Foster, a prison official, did not investigate his allegations before denying a grievance. Plaintiff has no constitutional right to an effective grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order). Counts 2 and 3 fail to state claims upon which relief can be granted, and amendment of the complaint cannot cure this defect.

Plaintiff has submitted a motion for a status check (dkt. no. 5). This order makes the motion moot.

It is therefore ordered that plaintiff's application to proceed *in forma pauperis* (dkt. no. 4) is granted. Plaintiff shall not be required to pay an initial partial filing fee. However, even though this action is being dismissed, by commencing this action plaintiff incurred the obligation to pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #96345), in the months that the account exceeds $10.00, until the full $350 filing fee has

been paid for this action. The Clerk shall send a copy of this order to the finance division of the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the motion for a status check (dkt. no. 5) is denied as moot.

It is further ordered that the Clerk shall file the complaint.

It is further ordered that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk of Court shall enter judgment accordingly.

It is further ordered that an appeal from the judgment in this action would not be taken in good faith.

DATED THIS 11th day of August 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE